**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4426**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

THOMAS DONNELL SIFFORD,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00097-RJC-1)

Submitted: April 15, 2009          Decided: May 15, 2009

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Donnell Sifford appeals his conviction on a guilty plea and sentence on one count of possession with intent to distribute one or more mixture and substances containing a detectable amount of cocaine and cocaine base, involving at least five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2006) (Count 1), and one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count 2). Sifford argues his conviction is tainted by the district court's denial of his motion for substitute counsel,[1] claims error in the district court's sentencing of him based on possession of crack cocaine, and challenges his sentence on Count 2. For the following reasons, we affirm.

This court reviews a district court's denial of a motion for substitution of counsel for an abuse of discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). A defendant does not have an absolute right to substitution of counsel, United States v. Mullen, 32 F.3d 891,

_____

[1] Sifford's attorney filed a motion to withdraw as counsel before Sifford mailed a letter requesting substitute counsel be appointed. For ease of reference, this opinion refers to both collectively as Sifford's motion for substitute counsel.

895 (4th Cir. 1994), and an indigent defendant may request another appointed attorney only for good cause, United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). In evaluating whether the trial court abused its discretion in denying Sifford's motion for substitution of counsel, this court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into Sifford's complaint; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." Gallop, 838 F.2d at 108.

Our review of the district court's ruling indicates no error in the denial of Sifford's motion. The district court conducted two hearings relative to Sifford's request for substitute counsel, and he was afforded ample opportunity to state his grounds for his request. Prior to their separate determinations that substitute counsel was not required, both the magistrate judge and the district judge elicited a detailed account from both Sifford and his attorney as to their interactions, asking clarifying questions and requesting elaboration when necessary. Neither judge found merit to Sifford's claims that there was a total lack of communication between him and his attorney such that an adequate defense was prevented.

Review of the record reveals that, contrary to Sifford's claim, counsel did review discovery with her client, that she represented to the court on two occasions that she would do everything in her power to represent Sifford, that she met with Sifford on several occasions and discussed defenses, trial strategy, the possibility of a plea, and that she did not feel comfortable as an officer of the court filing the motions he requested as she believed them to be inappropriate. Thus, while the relationship between Sifford and his attorney was not without its problems, the determinations of the district court that their difficulties did not rise to the level of a total lack of communication preventing an adequate defense cannot be said to have been an abuse of discretion.[2]

Sifford next claims error in the district court's sentencing pursuant to the guidelines for crack, rather than solely for powder cocaine. Specifically, he claims that while the Presentence Investigation Report ("PSR") indicates that the crime laboratory analysis revealed 41.11 grams of cocaine base and 59.38 grams of powder cocaine, during Sifford's prior counsel's representation of Sifford, no laboratory report was

---

[2] In addition, Sifford's affirmations at two junctures in his Fed. R. Crim. P. 11 proceeding that he was pleading guilty of his own free will and because he was in fact guilty of the crimes charged undermine his contentions on appeal. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

4

provided indicating a substance specifying cocaine base rather than just cocaine. As this laboratory report to which Sifford refers is not part of the record on appeal, it is not properly before this court for consideration. In any event, we find no sentencing error. Ample evidence exists in the record to demonstrate that Sifford was guilty of possession of both crack and powder cocaine. The PSR, the evidence presented at the Rule 11 colloquy and sentencing hearing, and the fact that Sifford was indicted upon, and specifically pled guilty to, possession of both crack and powder cocaine fully support the district court's sentence based on crack, as well as powder, cocaine.

Finally, Sifford seeks resentencing relative to his 120-month sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). He claims that, should this court find error in the district court's sentence with regard to the narcotics conviction, it should also remand for resentencing on the § 922(g) charge. Given that we have found no error in the district court's sentencing on Count 1, and Sifford does not challenge the calculation of the offense level or the corresponding sentencing guidelines range of imprisonment relative to the § 922(g) conviction, his claim as to Count 2 is without merit.

Accordingly, we affirm Sifford's conviction and sentence. We dispense with oral argument because the facts and

5

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED